THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM F. CHATLOS, Appellant.

(Argued May 14, 1931; decided June 2, 1931.)

*Harvey T. Mann* and *Alfred Yankauer* for appellant. The ordinance is intended to apply to public garages outside the fire limits and not to private garages leased by tenants for their own cars in connection with leasing of apartments or dwellings. (*State ex rel. Nunley* v. *Mayor*, 94 W. Va. 189; *Pratt* v. *Denver*, 72 Col. 51; *Congregation Beth Israel* v. *O'Connell*, 187 Mass. 236; *Matter of Multiplex Garages, Inc.,* v. *Walsh*, 213 App. Div. 155; 241 N. Y. 529; *St. Paul Fire & Marine Ins. Co.* v. *Trice Motor Co.*, 203 App. Div. 218; *Woods* v. *Kiersky*, 14 S. W. Rep. [2d] 825; *State* v. *Luce*, 191 N. W. Rep. 260; *Gibson* v. *Main*, 14 Del. Ch. 112; *Sullivan* v. *Sprung*, 170 App. Div. 237.) The vehicle stored in the garage is not subject to storage charges and, therefore, such garage is within the exemption of the ordinance. (*Shepard & Morse Lumber Co.* v. *Hurd*, 128 App. Div. 28; *Thorp* v. *Munro*, 47 Hun, 246; *Hannibal Trust Co.* v. *Elzea*, 286 S. W. Rep. 371; *American Mfg. Co.* v. *Commonwealth*, 146 N. E. Rep. 801; *Weingast* v. *Rialto Pastry Shop*, 243 N. Y. 113.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly, Milton I. Hauser* and *James Hurley* of counsel), for respondent. The vehicles housed in the defendant's garages are subject to storage charges, and, therefore, fall within the purview of the ordinance. (*Smith* v. *O'Brien*, 46 Misc. Rep. 325; 103 App. Div. 596; *Rapp* v. *Mabbett Motor Car Co.*, 201 App. Div. 283; *Matter of Multiplex Garages, Inc.,* v. *Walsh*, 241 N. Y. 527; *Matter of Barker* v. *Boettger*, 124 Misc. Rep. 461; *St. Paul Fire*

*& Marine Ins. Co.* v. *Trice Motor Co., Inc.*, 203 App. Div. 218.)

KELLOGG, J.   The defendant has been convicted of a violation of section 150 of chapter 10 of the Code of Ordinances of the City of New York.   That section forbids any person to store, house or keep any motor vehicle except in a building for which a garage permit shall have been issued.   There is this limitation upon the application of the section: " No permit, however, shall be required for the maintenance outside of the fire limits, of a garage in which motor vehicles, which are not for sale, rent or hire, or subject to charges for storage, or used exclusively for business purposes, are stored, housed or kept."   The defendant is the owner of real property, " outside of the fire limits," upon which stands an apartment house, apartments in which are leased to various tenants.   Behind this building there are several small garages for the storage of automobiles.   In several instances, a lease to a particular tenant entitles him to the use of a specific garage in connection with his apartment; in others, the lease is not inclusive of a garage.   In the former case the rental exacted is greater than in the latter.   Concededly, vehicles stored in these garages are not for sale; they are not for rent or hire; they are not used for business purposes.   It follows that, unless the vehicles stored are " subject to charges for storage," no permit is required and the defendant has not been guilty of the violation charged.   It will be noted that the exception is inapplicable where cars stored are " subject to charges for storage; " not where car owners are subject to rental charges for storage space.   In the instance where a tenant of this defendant leases a garage in connection with an apartment, he is entitled to its exclusive possession and use for any lawful purpose.   If he stores no cars, nevertheless he needs must pay the rental charge.   His position is identical with that of a tenant whose

lease comprehends a dwelling house and private garage. No doubt the inclusion of the garage contributes an item to swell the sum of the rental. Nevertheless, the presence of cars within the garage does not add to the rental charge; the cars stored are not " subject to charges for storage." So in this case, the tenant of an apartment pays an added sum for the right exclusively to occupy a particular garage with cars; he pays no charges for the storage of cars actually placed therein. The distinction is between a charge for the right to occupy and a charge upon the thing with which you occupy. We think that there has been no violation of the ordinance.

The judgment should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.